Chris J. Fladgate (CF1999)
Kevin Murphy (KM2370)
GARSON, SÉGAL, STEINMETZ, FLADGATE LLP
164 West 25th Street, Suite 11R
New York, New York 10001
Telephone: (212) 380-3623
Facsimile: (347) 537-4540
Email: cf@gs2law.com

*Attorneys for Plaintiffs,*
*Shirley Shepard & Andrea Shepard*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
SHIRLEY SHEPARD & ANDREA SHEPARD             :
d/b/a ALLA PRIMA                                            :     Civil Case No. 18-9634
                                                            :
                                                            :     **COMPLAINT**
                            Plaintiffs,                     :
    -against-                                               :     **DEMAND FOR JURY TRIAL**
                                                            :
WO HOP CITY, INC. d/b/a WO HOP                              :
RESTAURANT, INC.                                            :
                                                            :
                            Defendant.                      :
------------------------------------------------------------x

Plaintiffs, Shirley Shepard and Andrea Shepard (hereinafter "Plaintiffs" or the "Shepards"), by and through their attorneys of record, hereby allege as follows:

**NATURE OF THE ACTION**

1.      This is an action for copyright infringement and removal of copyright management information pursuant to 17 U.S.C. section 101, et seq.

2.      Defendant has infringed the Shepards' exclusive rights under Section 106 of the Copyright Act of 1976, as amended, 17 U.S.C. § 106, by, without authorization, reproducing, adapting,

distributing and displaying the copyrighted pictorial/graphic artwork of which the Shepards are joint authors.

3. The Shepards have brought this action to enforce their exclusive copyright to the Shepards' distinctive and stylized interpretation of a dragon (the "Alla Prima Dragon") which features in the Chinese calendar and zodiac.

4. This case arises out of Defendant Wo Hop's unlawful exploitation of the Alla Prima Dragon through Defendant's reproduction, display, distribution and sale of the Alla Prima Dragon on apparel, specifically, t-shirts.

5. The Shepards never authorized Defendant to appropriate, reproduce, display or distribute the Alla Prima Dragon, let alone to adapt the Alla Prima Dragon in order to create t-shirts or any other derivative work based on the Alla Prima Dragon. Accordingly, Defendant's conduct was in willful disregard of the Shepards' rights under the Copyright Act.

6. Defendant's conduct has damaged the Shepards' ability to sell or license the Alla Prima Dragon while, at the same time, enabling Defendant to profit from the unauthorized reproduction, adaptation, display, sale and distribution of the Alla Prima Dragon.

**PARTIES**

7. The Shepards are mother and daughter, known for their business of creating artwork of courtroom scenes in real-time where cameras are prohibited, including sketches of Martha Stewart, Sean Combs, Woody Allen, Jay-Z, Tupac Shakur, Rudy Giuliani, Leona Helmsley, Liza Minnelli, Yoko Ono, Mike Tyson, Rosie O' Donnell, Bernard Madoff, Tom Brady, and Sheldon Silver among many others.

8. The Shepards have expertise in printing and design for various markets. Together, the Shepards own, Alla Prima, a company that specializes in the creation and delivery of designs

printed on fabric and fashionable items and t-shirts to wholesale businesses, including, without limitation, department stores, museums, schools and television stations.

9. The Shepards jointly own the pictorial/graphic works which the Shepards design and print on apparel items.

10. The Shepards reside in New York, New York, with their principal place of business also in New York, New York.

11. Defendant, Wo Hop City, Inc., also known as Wo Hop Restaurant, Inc. ("Defendant" or "Wo Hop") is a domestic corporation and well-known restaurant located in Chinatown at 17 Mott Street, Suite 1R, New York, New York 10013, appearing in various publications including, *The New York Times*, *New York Business Journal*, and *Thrillist*.

## JURISDICTION

12. This Court has subject matter jurisdiction of this matter pursuant to 17 U.S.C. §§ 106, 113 & 501 through 505 and 28 U.S.C. §§ 1331 and 1338(a).

13. This Court has general personal jurisdiction over Wo Hop as Wo Hop resides in this judicial district.

14. This Court has specific personal jurisdiction over Defendant Wo Hop as Wo Hop sold infringing copies of Alla Prima works within this judicial district.

15. Further, the Shepards created the Alla Prima Dragon subsequently infringed by Defendant, within this judicial district, and any injuries sustained were sustained in this judicial district.

## VENUE

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and has harmed the Shepards in this judicial district.

## FACTS

17. The Shepards are accomplished courtroom artists whose work has been commissioned for the depiction, illustration, and documentation of real-time courtroom proceedings. In addition, the Shepards under the business name Alla Prima sketch customized designs to print on fabric and fashionable items, such as shirts, sports clothes, and bags imprinted with to wholesale businesses.

18. The Shepards have registered their copyright in the Alla Prima Dragon under Registration Number VA 2-106-047, with December 8, 2017 being the effective date of registration. The Alla Prima Dragon is one of the Shepards' most prominent designs. The Alla Prima Dragon and the relevant redacted copyright registration are attached hereto as **Exhibit A.**

### Wo Hop's Unauthorized Reproduction, Distribution, and Sale of The Alla Prima Dragon

19. Defendant Wo Hop, is a famous restaurant located in the high-traffic area of Manhattan's Chinatown and is reputed by local New Yorkers and visiting tourists as a historic establishment.

20. In or around 1993, the Shepards met with a representative of Wo Hop, an individual by the name of Frankie, and showed him samples of t-shirt designs, including the Alla Prima Dragon.

21. Wo Hop's representative chose the Alla Prima Dragon from the selection.

22. In or around 1994, the Shepards sold Wo Hop t-shirts bearing the Alla Prima Dragon which was inscribed with the Shepards' copyright management information: "© Alla Prima"

23. Wo Hop had access to the Alla Prima Dragon.

24. Without license, permission, or authorization, Wo Hop reverse-engineered the Shepards' Alla Prima Dragon and began reproducing, reprinting, and selling the Alla Prima Dragon on Wo Hop t-shirts at the Wop Hop restaurant.

25. There is substantial similarity between the copyrightable expression that is in the Alla Prima Dragon and Wo Hop's reproduction.

26. Wo Hop deliberately removed the Shepards' copyright management information "© Alla Prima" in its reproduction of the Alla Prima Dragon in an attempt to conceal its infringing use of the Alla Prima Dragon.

27. Without the Shepards' knowledge or permission, Wo Hop offered for sale, sold, and distributed the Alla Prima Dragon without the Shepards' copyright management information on t-shirts. A sample of Wo Hop's infringing use appears below:



28. Further, upon information and belief, Wo Hop and third-party sellers offered for sale and sold the Alla Prima Dragon on eBay.

29. Upon information and belief, in addition to t-shirts, Wo Hop reproduced and displayed the Alla Prima Dragon on other items including Wo Hop restaurant menus.

30. Wo Hop also reproduced, displayed, sold, and distributed t-shirts bearing prints substantially similar to other original zodiac designs created by the Shepards, including without limitation, the Shepards' 2016 design of a zodiac monkey without permission or authorization. A sample of Defendant's unauthorized and unpermitted use of other Shepards' copyrights appears below:



31. Wo Hop has further improperly made a business of copying and capitalizing on the Shepards' designs and to exploit the Shepards' artwork to advertise Wo Hop's restaurant. Such pattern of conduct demonstrates Wo Hop's knowledge and disregard of the Shepards' copyrights.

32. This is further evidenced by Wo Hop's unauthorized procurement of the display and sale of the Alla Prima Dragon on t-shirts in the Spring 2017 issue of GQ Style Magazine.

33. Upon information and belief, Wo Hop also procured the display and sale of the Alla Prima Dragon on t-shirts in Condé Nast Magazine.

34. Wo Hop's extensive infringing use of the Alla Prima Dragon has damaged and continues to damage the Shepards' rights to and ownership of the Alla Prima Dragon.

35. The Shepards discovered Wo Hop's infringing use of the Alla Prima Dragon and have acted with reasonable diligence following this discovery.

**Wo Hop's Knowing and Willful Infringement of
<u>The Alla Prima Dragon</u>**

36. On or around November 15, 2017, Wo Hop displayed and sold at least one t-shirt bearing an infringing copy of the Alla Prima Dragon.

37. Through counsel, on November 15, 2017, the Shepards sent Wo Hop a "cease and desist" letter advising Wo Hop of its illegal and infringing use of the Alla Prima Dragon. A copy of the cease and desist demand letter dated November 15, 2017 is attached hereto as **Exhibit B**.

6

38. Despite notification and express instructions, Wo Hop continued in its infringing conduct.

39. Wo Hop knowingly and willfully persisted in its infringing conduct and continued to reproduce, display, sell, and distribute copies of the Alla Prima Dragon.

40. In or around September 2018, Wo Hop displayed and sold at least one t-shirt bearing an infringing copy of the Alla Prima Dragon.

41. It was clear, that almost a full year after receiving a cease and desist letter, Wo Hop knowingly and willfully continued in its infringing use of the Alla Prima Dragon.

42. Upon information and belief, Wo Hop induced other third-party sellers, including, without limitation third-party sellers on eBay, to reproduce, display, sell, and distribute unauthorized copies of the Alla Prima Dragon.

43. Subsequently, on September 11, 2018, through counsel, the Shepards served Wo Hop with yet another cease and desist demand, outlining the relevant facts set forth in this Complaint and demanding, inter alia, Wo Hop provide an accounting to the Shepards of Wo Hop's distribution of the Alla Prima Dragon to each third-party (i.e. third-party sellers on eBay). A copy of the cease and desist demand letter dated September 11, 2018 is attached hereto as **Exhibit C**.

44. Wo Hop's refusal to comply with the Shepards' demands, including a demand to provide information relating to its distribution to third parties, impeded the Shepards' ability to discover the extent of the infringement of the Alla Prima Dragon.

45. At no time did the Shepards agree to sell, license or otherwise authorize other third-parties to reproduce or sell copies of the Alla Prima Dragon in any form.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. §§ 101 et seq.)

46. The Shepards reallege and incorporate by reference paragraphs 1 through 45 as if fully set forth herein.

47. Wo Hop violated the exclusive copyright rights of the Shepards by permitting unauthorized copies of the Alla Prima Dragon to be made.

48. Wo Hop violated the exclusive copyright rights of the Shepards by selling and offering copies of the Alla Prima Dragon for sale.

49. Wo Hop violated the exclusive copyright rights of the Shepards by distributing copies of the Alla Prima Dragon to the public.

50. Wo Hop violated the exclusive copyright rights of the Shepards by failing to properly credit the Shepards in its unauthorized use of the Alla Prima Dragon.

51. The Shepards are equal owners of the copyright registration of the Alla Prima Dragon under Registration Number VA 2-106-047, with December 8, 2017 being the effective date of registration.

52. The Shepards have complied in all respects with the United States Copyright Act and all other laws respecting copyright by applying for the copyright registration of the Alla Prima Dragon and making the required deposit for the image contained in the pictorial work.

53. The Shepards own the copyright in the Alla Prima Dragon, which is the Shepards' original copyrighted work under the laws of the United States.

54. Defendant Wo Hop had actual notice of the Shepards' copyright ownership of the Alla Prima Dragon.

55. Notwithstanding Wo Hop's knowledge of the Shepards' rights, and without the Shepards' permission or authority, Wo Hop continued to copy, use, distribute and sell the Alla Prima Dragon.

56. Wo Hop's acts of infringement were willful.

57. Wo Hop has unlawfully and wrongfully derived income and profits from its infringing acts.

58. The Shepards have suffered damage as a result of Wo Hop's willful infringement of their copyright of the Alla Prima Dragon.

## SECOND CLAIM FOR RELIEF
**(Removal of Copyright Management Information)**

59. The Shepards re-allege and incorporate by reference paragraphs 1 through 58 as if fully set forth herein.

60. As it was created by the Shepards, the original Alla Prima Dragon includes the Shepards' copyright management information: "© Alla Prima" (the "Shepards' CMI").

61. In 1993, the Shepards' sold t-shirts bearing the original Alla Prima Dragon to Wo Hop and included the Shepards' CMI on each t-shirt.

62. Wo Hop was aware of the nature and purpose of the Shepards' CMI on the Alla Prima Dragon.

63. When Wo Hop reverse engineered the Shepards' Alla Prima Dragon to create infringing copies, Wo Hop intentionally removed the Shepards' CMI and appropriated the Alla Prima Dragon for its own purposes.

64. Wo Hop sold substantial numbers of infringing copies of the Alla Prima Dragon that do not include the Shepards' CMI.

65. Wo Hop's intentional removal of the Shepards' CMI was done, on information and belief, to facilitate and conceal Wo Hop's infringement of the Shepards' Alla Prima Dragon, such that

Wo Hop could continue to use the Alla Prima Dragon to market and advertise the Wo Hop restaurant.

66.     The Shepards have suffered damage as a result of Wo Hop's removal of the Shepards' CMI from the Alla Prima Dragon.

## JURY TRIAL DEMANDED

The Shepards hereby request a trial by jury on each claim for relief alleged in the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, the Shepards' requests judgment against Defendant for:

a.      A permanent injunction enjoining Defendant and its agents, servants, and employees from infringing in any manner the Shepards' copyright of the Alla Prima Dragon and from copying, disseminating, altering or otherwise disposing of any copies thereof following a final decision in this action;

b.      An accounting for payment to the Shepards of all the following sums:

>   All gains, profits and advantages derived by Defendant as a result of its infringement of the Shepards' copyright of the Alla Prima Dragon.

c.      The delivery by Defendant, its agents, employees and all others for whom Defendant is responsible, or anyone acting on its behalf, of all articles alleged to infringe the aforementioned copyright of the Alla Prima Dragon belonging to the Shepards;

d.      Delivery by Defendant, its agents, employees and all others for whom Defendant is responsible or anyone on its behalf, all infringing copies including all infringing derivative images, digital files, magnetic tapes, optical disks, and other means for making infringing copies;

e. Delivery by Defendant, its agents, employees and all others for whom Defendant is responsible or anyone on their behalf, all records documenting the manufacture, sale, or receipt of things involved in any such violation, provided that any records seized shall be taken into the custody of the Court;

f. Delivery by Defendant, its agents, employees and all others for whom Defendant is responsible or anyone on their behalf, all records identifying those responsible for the manufacture, printing, or reproduction of all infringing copies, the number of screens of the Alla Prima Dragon that were made, and the number of printed shirts in each color;

g. An award of:

    i. the actual damages suffered by the Shepards as a result of the Defendant's infringement of the Alla Prima Dragon, and any profits of Defendant that are attributable to the infringement and are not taken into account in computing the actual damages; and/or

    ii. in the alternative, at the election of the Shepards at any time before final judgment is rendered, statutory damages pursuant to 17 U.S.C. § 504(c), within the higher range allowed when infringement has been committed willfully.

h. Damages for Wo Hops' removal of copyright management information to the extent not duplicative of other copyright damages;

i. Reasonable attorney's fees, interest and costs of suit; and

j. Such other and further relief as the Court deems equitable and just.

Dated: October 19, 2018
       New York, New York

**GARSON, SÉGAL, STEINMETZ, FLADGATE LLP**

By: _____/s/_____
　　Chris Fladgate (CF1999)
　　Kevin Murphy (KM2370)
　　164 West 25th Street, Suite 11R
　　New York, NY 10001
　　Tel: (212) 380-3623
　　Fax: (212) 537-4540
　　Email: cf@gs2law.com