UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHIRLEY SHEPARD and ANDREA SHEPARD,

                         Plaintiffs,

                -v-

WO HOP CITY, INC.,

                         Defendant.

18-CV-9634 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiffs Shirley Shepard and Andrea Shepard ("the Shepards") bring this copyright infringement action against Defendant Wo Hop City, Inc. ("Wo Hop") under the Copyright Act, 17 U.S.C. § 101 *et seq*. (Dkt. No. 16.) Wo Hop moves pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) to dismiss the operative complaint for failure to state a claim. (Dkt. Nos. 13, 17.) For the reasons that follow, the motion is denied.

**I.    Background**

The following factual allegations are taken from Plaintiffs' first amended complaint (Dkt. No. 16) and are assumed to be true for purposes of deciding this motion.

The Shepards, mother and daughter, are designers who created and own a graphic design (the "Alla Prima Dragon") that resembles a dragon in the Chinese zodiac. (Dkt. No. 16 ("FAC") ¶¶ 3, 7, 9.) The Alla Prima Dragon depicts a dragon resting on its clawed feet, with its tail arched towards its mouth. (*See* Dkt. No. 16-1 at 4.) Surrounding the dragon are various cloud-shaped patterns. (*Id.*) The Shepards have registered their copyright in the Alla Prima Dragon with the U.S. Copyright Office, effective December 8, 2017. (FAC ¶ 18; *see also* Dkt. No. 16-1.)

In or around 1993, the Shepards met with a representative of Wo Hop, a famous Chinese restaurant in Manhattan's Chinatown, and showed him a selection of t-shirt designs, including one bearing the Alla Prima Dragon. (FAC ¶¶ 19–20.) Subsequent to their meeting, the Shepards sold Wo Hop t-shirts bearing the Alla Prima Dragon and the Shepards' copyright management information ("CMI"): "© Alla Prima." (FAC ¶¶ 21–22.)

Thereafter, unbeknownst to the Shepards, Wo Hop started to produce and sell its own t-shirts bearing a design similar to the Alla Prima Dragon but without the Shepards' CMI. (FAC ¶¶ 24, 26.) Wo Hop's t-shirts are sold at the Wo Hop restaurant, on eBay, and in magazines. (FAC ¶¶ 24, 28, 32–33.) In addition, Wo Hop also produced and sold t-shirts bearing other zodiac designs created by Shepards. (FAC ¶ 30.) A side-by-side visual comparison of the Alla Prima Dragon and Wo Hop's allegedly infringing t-shirt design is reproduced below:[1]



On November 15, 2017, and then again on September 11, 2018, the Shepards sent Wo Hop cease and desist letters advising Wo Hop of its alleged infringing use of the Alla Prima Dragon. (FAC ¶¶ 37, 43; *see also* Dkt. Nos. 16-2, 16-3.) Despite the Shepards' letters, Wo Hop continued its sale of the allegedly infringing t-shirts. (FAC ¶¶ 38–42, 44.)

---

[1] The Alla Prima Dragon appears on the left (Dkt. No. 16-1 at 4), while Wo Hop's allegedly infringing t-shirt design appears on the right (FAC ¶ 27).

On October 19, 2018, the Shepards brought this action against Wo Hop, asserting claims arising from Wo Hop's copyright infringement of the Alla Prima Dragon and its removal of the Shepards' CMI. (Dkt. No. 1.) Wo Hop filed a motion to dismiss on January 4, 2019. (Dkt. No. 13.) The Shepards then amended their complaint, and Wo Hop renewed its motion to dismiss. (Dkt. Nos. 16, 17.) The briefing on the motion to dismiss is now complete (Dkt. Nos. 15, 19–20), and this motion is ripe for resolution.

## II. Legal Standard

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads facts that would allow "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "accept[] as true the factual allegations in the complaint and draw[ ] all inferences in the plaintiff's favor." *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006) (quoting *Scutti Enters., LLC v. Park Place Entm't Corp.*, 322 F.3d 211, 214 (2d Cir. 2003)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III. Discussion

There are two issues before the Court on this motion: (1) whether the Alla Prima Dragon is sufficiently original to warrant the protection of the Copyright Act, and (2) whether the Shepards' claims are time-barred. The Court addresses them in turn.

### A. Originality

To establish a copyright infringement claim under the Copyright Act, a plaintiff must demonstrate "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Wolstenholme v. Hirst*, 271 F. Supp. 3d 625, 634 (S.D.N.Y. 2017) (quoting *Williams v. Crichton*, 84 F.3d 581, 587 (2d Cir. 1996)).

To meet the requirement of originality under the Copyright Act, the work must be "independently created by the author . . . and . . . possess[] at least some minimal degree of creativity." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345 (1991). And "the requisite level of creativity is extremely low; even a slight amount will suffice." *Id.* Although "[t]he originality of a copyrighted work is ordinarily a question of fact to be decided at trial," where, as here, "plaintiff[s] ha[ve] attached the design in question to [the] complaint, the Court may consider whether the design is entitled to copyright protection" at the motion to dismiss stage. *I.C. ex rel. Solovsky v. Delta Galil USA*, 135 F. Supp. 3d 196, 214 (S.D.N.Y. 2015).

Wo Hop argues that the Alla Prima Dragon lacks the requisite originality necessary to qualify for copyright protection, because the Alla Prima Dragon is "merely a depiction of a Chinese dragon" that has long existed in the public domain. (Dkt. No. 15 at 4–5.) The Shepards do not dispute that the Alla Prima Dragon represents an interpretation of a form of dragon existing in Chinese culture (FAC ¶ 3), but contend that their design "embodies distinctive and creative expression" that is entitled to copyright protection (Dkt. No. 19 at 5).

The Shepards point to several unique features of the Alla Prima Dragon that they contend provide their design with the requisite level of originality. First, they explain that they intentionally chose to depict the dragon with four toes rather than five toes, because the number of toes indicates whether the dragon is a king or a prince. (*Id.*) Second, the Alla Prima Dragon assumes a unique pose, resting on its clawed feet. (*Id.*) Third, the Alla Prima Dragon is captured

4

in a "pose with its tail arched and almost meeting the dragon's month." (*Id.*) Finally, the Shepards point out that their version of the dragon has a "distinct facial expression." (*Id.*)

Drawing all the inferences in the light most favorable light to the Shepards, the Court concludes that the Alla Prima Dragon possesses a level of creativity sufficient to trigger copyright protection. "[T]here can be no doubt that the original expression of an animal's appearance may be eligible for copyright protection." *L.A. T-Shirt & Print, Inc. v. Rue 21, Inc.*, No. 16 Civ. 5400, 2017 WL 3575699, at *5 (S.D.N.Y. 2017). Even though the dragon is a mythic animal that exists only in imaginations, and has seen numerous renditions over the course of history, the Shepards' interpretation of a dragon embodied in the Alla Prima Dragon still contains sufficient elements of originality. For example, courts have held that "the pose and posture of [an] animal[']s" depictions on t-shirts may constitute "protectable elements of the works." *L.A. T-Shirt & Print, Inc.*, 2017 WL 3575699, *7. The Alla Prima Dragon depicts a dragon that is resting on its clawed feet with an arched tail extending towards its mouth, mimicking the shape of a circle. (*See* Dkt. No. 16-1.) With its wide jaw slightly opened, and sturdy claws reaching out, the Alla Prima Dragon creates an expression of a dragon that appears strong and powerful. (*Id.*) In addition, the cloud-shaped patterns around the dragon also add creative context to the depiction of the dragon. (*Id.*) The poses and posture of the dragon in the Shepards' designs may therefore constitute protectable elements of their work. *See also Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co.*, 74 F.3d 488, 494 (4th Cir. 1996) (stating that "angle of the animal's head, the juxtaposition of its body parts, and the shape of the body parts" may be eligible for copyright protection); *Satava v. Lowry*, 323 F.3d 805, 813 (9th

Cir. 2003) (explaining that the original "pose, attitude, gesture, muscle structure, facial expression, coat, or texture of [an] animal" may be protectable).[2]

Wo Hop counters the Shepards' argument of originality by pointing to a depiction of a dragon that "also has five toes, rests on clawed feet and is displayed at an angle." (Dkt. No. 20 at 3–5.) Specifically, Wo Hop submits a picture of a Chinese dragon from Wikipedia, as well as other renditions of a Chinese dragon, arguing that the Shepards' interpretation of a dragon is not original. (Dkt. No. 20 at 3; *see* Dkt. No. 14-2.) But given that this case is at the motion to dismiss stage, the Court is confined to considering "the allegations contained within the four corners of [the] complaint" or "documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998) (second quoting *Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996)). Therefore, the Court cannot consider the pictures of dragons that were submitted by Wo Hop in connection with its motion to dismiss, because they were not "attached to the complaint as exhibits, incorporated into the complaint by reference, or integral to the complaint." *Gersbacher v. City of N.Y.*, 134 F. Supp. 3d 711, 718 (S.D.N.Y. 2015)

Viewed in the light most favorable to the Shepards, and taking all of their factual allegations as true, the Court concludes that it is at least plausible that the Alla Prima Dragon

---

[2] The summary judgment and preliminary injunction cases that Wo Hop relies upon are distinguishable, because none of them were decided at the motion to dismiss stage, and here the Court does not have the benefit of a developed record on which to assess the fact-intensive question of originality. *See, e.g.*, *Herbert Rosenthal Jewelry Corp. v. Honora Jewelry Co., Inc.*, 509 F.2d 64, 64 (2d Cir. 1974) (reviewing award of summary judgment); *Earth Flag Ltd. v. Alamo Flag Co.*, 153 F. Supp. 2d 349, 350 (S.D.N.Y. 2001) (granting summary judgment); *Past Pluto Prods. Corp. v. Dana*, 627 F. Supp. 1435, 1437 (S.D.N.Y. 1986) (denying preliminary injunction in conjunction with trial on the merits pursuant to Rule 65(a)(2)).

contains the "requisite level of creativity" sufficient to entitle it to copyright protection. *Feist Publ'ns, Inc.*, 499 U.S. at 345.

B. **Statute of Limitations**

Wo Hop argues that because the Shepards should have discovered Wo Hop's alleged copyright infringement back in 1994 when the Shepards first sold the Alla Prima Dragon t-shirts to Wo Hop, this action should be dismissed on untimeliness grounds, pursuant to the Copyright Act's statute of limitations or the doctrines of laches and estoppel. (Dkt. No. 15 at 5–6.)

Any civil action asserting a claim based on a Copyright Act violation must be brought within three years after the accrual of the claim. 17 U.S.C. § 507(b). This Circuit has adopted the "discovery rule" to determine when a plaintiff's copyright claim accrues. *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124–25 (2d Cir. 2014). Under this rule, a plaintiff's claim accrues when "the copyright holder discovers, or with due diligence should have discovered, the infringement." *Id.* at 124.

Here, the Shepards allege that "they discovered Wo Hop's infringing activity . . . at least as late as November 2017, well within the three year statute of limitations." (Dkt. No. 19 at 7 (citing FAC ¶ 36).) "Whether that representation is true is an issue of fact not determinable on the current record" at the motion to dismiss stage. *Philogene v. Duckett*, No. 17 Civ. 7224, 2018 WL 3946447, at *5 (S.D.N.Y. Aug. 16, 2018). Taking the Shepards' factual allegations as true, the Court cannot conclude that this action was untimely filed on the face of the complaint. *Philogene*, 2018 WL 3946447, at *4 ("A party may assert a statute of limitations defense on a motion to dismiss 'when the defect appears on the face of the complaint.'" (quoting *Staehr v.*

7

*Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425–26 (2d Cir. 2008))). Therefore, Wo Hop cannot yet avail itself of the statute-of-limitations defense.[3]

**IV.     Conclusion**

For the foregoing reasons, Defendant's motion to dismiss is DENIED. Defendant shall file an answer to the first amended complaint on or before July 1, 2019.

The Clerk of Court is directed to close the motion at Docket Number 13.

SO ORDERED.

Dated: June 10, 2019
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[3] The Court refuses to conclude that the Shepards' claims are barred by the doctrine of laches and estoppel, because Wo Hop has not established that it "relied on [the Shepards'] conduct to its detriment." *Legislator 1357 Ltd. v. Metro-Goldwyn-Mayer, Inc.*, 452 F. Supp. 2d 382, 391 (S.D.N.Y. 2006).